NEAL et al.

v.

**MATANUSKA VALLEY LINES,**
**Inc. et al.**

**THOMAS**

v.

**MATANUSKA VALLEY LINES,**
**Inc. et al.**

**FRAZIER et al.**

v.

**MATANUSKA VALLEY LINES,**
**Inc. et al.**
Nos. A–8214, A–8413 and A–8666.

District Court, Alaska
Third Division, Anchorage.

Feb. 2, 1954.

Wendell P. Kay, J. Earl Cooper and Stringer & Connolly, Anchorage, Alaska, for plaintiffs.

Ralph H. Cottis of Hellenthal, Hellenthal & Cottis and Evander C. Smith, Anchorage, Alaska, for defendant Matanuska Valley Lines, Inc.

Raymond E. Plummer and Burton C. Biss, Anchorage, Alaska, for Williams.

FOLTA, District Judge.

The foregoing cases were consolidated with the consent of all the parties. The litigation arose from a collision between a bus of the defendant Matanuska Valley Lines, a common carrier, and a truck owned by the defendant Milton Williams, against whom the case was dismissed during the trial, and driven by the defendant Lois Williams. The plaintiffs alleged that the collision was due to the joint and concurrent negligence of the defendants. The defendants denied this allegation, and each alleged that the other was solely liable, and in addition the corporate defendant cross-claimed against its codefendant for damages to its bus. The jury returned verdicts aggregating $101,000 against both defendants, but failed to return a verdict on the cross-claim.

The defendant Matanuska Valley Lines has moved for a new trial on several grounds, only two of which are argued in its brief, viz.: (1) that upon consolidation the defendants became entitled to more than three peremptory challenges, and (2) that the jury should have made a finding on its cross-claim.

I am of the opinion that the first contention may not be disposed of

merely upon a consideration of the Hillmon Cases (Mutual Life Ins. Co. v. Hillmon), 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706; Connecticut Mut. Life Ins. Co. v. Hillmon, 188 U.S. 208, 23 S.Ct. 294, 47 L.Ed. 446; and United Verde Copper Co. v. Jordan, 9 Cir., 14 F.2d 299, relied upon by the movant, and that the instant case turns on facts not present in the cases cited. Section 55–7–50, A. C.L.A. 1949, provides that:

"A peremptory challenge or a challenge for cause may be taken by either party. When there are two or more parties, plaintiffs or defendants, they must join in the challenge or it can not be taken. Either party shall be entitled to three peremptory challenges and no more."

Section 55–11–3, A.C.L.A. 1949, (superseded by Rule 42(a), 28 U.S.C.A., upon the extension of the Federal Rules of Civil Procedure to Alaska in 1949) provided for consolidation. Thus it would appear that Section 55–7–50 governs, so far as peremptory challenges are concerned, where the actions are joined originally or, being such as could have been joined, are subsequently consolidated. It is clear, therefore, that if the actions here consolidated could have been joined under Rule 20(a) their subsequent consolidation under Rule 42(a) could in no wise enlarge the number of challenges under Section 55–7–50. It follows, therefore, that, since causes may be consolidated under Rule 42(a) (because of its broader language) that could not be joined initially under Rule 20(a), the parties are entitled to additional challenges only when the causes consolidated are of the latter class. This difference suffices to distinguish the instant case from the Hillmon cases and United Verde Copper Co. v. Jordan, supra. Of course, if there is no joinder originally or consolidation subsequently, the actions are treated as separate and peremptories allowed accordingly. Signal Mt. Portland Cement Co. v. Brown, 6 Cir., 141 F.2d 471, Busch, Law and Tactics in Jury Trials, 203, § 141, n. 55.

In the case at bar it is doubtful whether error may be predicated on what occurred in connection with the defendant's request for an additional challenge. No objection had been made to the Court's initial ruling that each side would be limited to three peremptory challenges, nor was there any indication of any conflict or disagreement between the defendants over the exercise of such challenges or otherwise during the selection of the jury. It was not until the alternates were to be examined that the counsel for movant asked for "another peremptory challenge", which the Court indicated it would allow for cause. Counsel merely commented that it was a matter of right, and there the matter rested. There was no insistence on what was asserted to be a matter of right and no argument. The impression created was that counsel was making a request merely for the record in the hope that it would turn out to be a point that could be urged on appeal. Indeed, it is doubtful whether the objection now made is available at all. The situation then was such it would seem as to require the counsel to accept the offer of an additional peremptory challenge instead of refusing it on the ground that the right thereto rested on another basis, and direct the attention of the Court to the claim of antagonistic defenses. No objection was taken to the ruling of the Court, nor was there an objection to the jury as constituted. Of course, it could be argued that the Court itself should have been more familiar with the pleadings. But it is a matter of common knowledge that the Court at Anchorage is so overwhelmed with work that it is often compelled to enter upon the trial of a case without acquiring a familiarity with the pleadings in advance, and especially is this the case with the visiting judge before whom this case was tried. In such circumstances it was the duty of counsel to pointedly direct the Court's attention to his position and buttress it by argument, rather than merely comment on the nature of the right.

The second point urged in support of the first contention is that the defenses were antagonistic. Each defendant denied the allegation of negligence and alleged that the other was solely liable. The only evidence which bore on the allegation of sole liability is the testimony that the defendant Williams was drunk, which, incidentally, she did not deny and which, being a part of the res gestae, could not have been excluded without excluding evidence relevant on the issue of negligence. It is not perceived, therefore, how such defenses could be said to be antagonistic. The movant, however, further argues that the defenses were antagonistic because of its cross-claim against its codefendant for damages to its bus. Obviously this was not only not a defense to the plaintiffs' case or to its codefendant's defense of denial, but a claim which required no additional proof except as to the cost of restoring the bus to its previous condition. I am inclined to the opinion that this falls short of establishing antagonism of the kind that entitled the defendants to six peremptory challenges. But the conclusive answer to the contention that the defenses were antagonistic, if the Court may rely on its memory rather than the record which is not available here, is that the cross-claim was not interposed until after the jury had been selected. Having failed to make the demand, except in such a perfunctory manner as to lull the Court into the belief that it was not made seriously or to object to the jury as constituted or to apprise the Court of the claim of antagonistic defenses it is not surprising that opposing counsel in his brief has characterized the incident as "baiting a trap for the Court".

An examination of Sutton v. Otis Elevator Co., 68 Utah 85, 249 P. 437, upon which the movant places much reliance, discloses an entirely different factual situation. Not only were the defendants unable to agree upon the division of peremptory challenges, or against whom they should be exercised, but there was also the charge of collusion between one of the defendants and the plaintiffs.

It is these considerations which lead me to the conclusion that no error was committed in limiting the defendants to three peremptory challenges.

■■ On behalf of the plaintiffs it is argued that the verdicts returned necessarily imply an adverse finding on the cross-claim, or at least a finding that, since both defendants were negligent, the cross-claim could not be sustained. The difficulty with this view is that the question whether the damage to the bus was proximately caused by the negligence of the defendant Williams is not foreclosed by the finding of the jury that, as between the defendants and the plaintiffs, both defendants were negligent. This is so because of the high degree of care to which a common carrier is held in the carriage of passengers. As between a carrier and a non-passenger, however, the parties stand on an equal footing and the rule of ordinary care applies. The jury could well have found that as between Lois Williams and the Matanuska Valley Lines, the latter was not negligent, notwithstanding its finding that as between it and the plaintiffs, it had failed to exercise that high degree of care imposed upon common carriers.

■ This omission on the part of the jury to return a verdict on the cross-claim was called to the Court's attention while the jury was still in the box. The Court, however, was of the opinion that, since the jury had separated and returned sealed verdicts, it was powerless to order the jury to further deliberate on the cross-claim and return a verdict thereon. It turns out that this rule is applicable to criminal cases only.

I am of the opinion, therefore, that the motion for a new trial should be denied but that the movant is entitled to a trial on its cross-claim against its codefendant.